**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ANTHONY IKEZAU ODIANA | : | |
| Plaintiff | : | |
| v | : | Civil Action No. JFM-07-38 |
| CLERK OF COURT | : | |
| Defendant | : | |

o0o

**MEMORANDUM**

The above-captioned case was instituted upon receipt of a document entitled "Request for Expungement Application Forms." Paper No. 2. Plaintiff indicates that he seeks forms[1] to request expungement of past criminal convictions which are over ten years old and that he filed a similar request previously. *Id.* Although plaintiff does not indicate what convictions he seeks to have expunged, a search of court records revealed he was a defendant in a criminal matter in this court. There is no indication that a request for expungement of records has been filed in that case. *See United States v. O'Dianna*, No. 1:87-cr-167 (D. Md. 1987).

The power to expunge is a narrow one reserved for the "unusual or extreme case," and is not often invoked even where a criminal prosecution ends in an acquittal. *See United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *United States v. Steelwright*, 179 F.Supp.2d 567, 573-74 (D. Md. 2002). This court has concluded that while it possesses ancillary jurisdiction to expunge criminal records for "equitable considerations," that jurisdiction is limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *See United States v. Gary*, 206 F.Supp. 741 (D. Md.

---

[1] Plaintiff is advised that there are no forms available for this purpose.

2002). The court does not, however, have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief, *i.e*., to enhance a defendant's employment opportunities.[2]  *Id*.

To the extent that plaintiff can allege facts entitling him to expungement of the criminal conviction in question, he may supplement the filing in this case. Plaintiff is reminded to include this case number on anything filed regarding this matter, and to indicate in the body of his pleading the case number of the criminal conviction he seeks to expunge.  He will be granted 30 days in which to file the supplemental pleading.  If he fails to file the supplement, this case will be dismissed without prejudice and without further notice from this court.

A separate order follows.


February 2, 2007                                               /s/
Date                                                                   J. Frederick Motz
                                                                            United States District Judge


---

[2] Judge Smalkin found that the power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress as the "Constitution prohibits federal courts from expanding their own subject matter jurisdiction." *United States v. Gary*, 206 F.Supp.2d at 741; *see also United States v. Steelwright*, 179 F.Supp.2d at 573-74.